UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
DENNIS NELSON,

        Plaintiff,        9:07-CV-1227
  vs.        (NAM)(GHL)

ELIOT SPITZER,

        Defendant.
---------------------------------------------------------

APPEARANCES:

DENNIS NELSON
94-B-0694
Great Meadow Correctional Facility
Box 51
Comstock, NY 12821-0051
Plaintiff, *Pro Se*

**Norman A. Mordue, Chief U.S. District Judge**

## DECISION and ORDER

**I.    Background.**

The Clerk has sent to the Court a civil rights complaint together with an application to proceed *in forma pauperis*, from Dennis Nelson ("plaintiff" or "Nelson"), who is currently incarcerated at Great Meadow Correctional Facility.

Plaintiff is a veteran litigator who has filed twenty five (25) actions is the Northern District of New York. Many of the actions complain of alleged medical issues relating to plaintiff's leg which has been ongoing for eight years. *See Nelson v. Lee*, 9:05-CV-1096, Dkt. No. 44, page 12.

**II.    The Complaint.**

In his complaint plaintiff names Eliot Spitzer, the Governor of Ne York, as the sole defendant.[1]

---

[1] The complaint states that plaintiff is suing defendant Spitzer in his individual capacity.

Plaintiff's claim reads as follows:

> The governor in charge of all medical and department of correction.  Adequate medical care.  Gane greene, swollen, discolored, discomfort from paid & suffering can't walk or sleep Also request wheelchair!

Dkt. No. 1, page 5.  Plaintiff states in his complaint that the relief he is seeking is "adequate medical care in a better medical facility for better medic care at Albany Medical Facility & Center."  *Id.*

### III.    Discussion.

28 U.S.C. § 1915(e), as amended, directs that the Court:

> (2)    [S]hall dismiss the case at any time if the court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, there is a responsibility on the Court to determine that a complaint may be properly maintained in the District before it may permit a plaintiff to proceed with an action *in forma pauperis.*[2]  *Id.*

In the present action, plaintiff has wholly failed to allege a cause of action against the defendant.  Plaintiff makes no assertions that the defendant is, in any way, involved in making decisions regarding plaintiff's medical treatment, or establishing policy with respect to the provision of such care by the Department of Correctional Services.  Plaintiff has alleged no actions or omissions by the defendant that would give rise a claim under 42 U.S.C. §1983.  Plaintiff's conclusory allegations are insufficient to plead a cause of action and this action must be dismissed.

---

[2] The Court is aware that it has been determined that plaintiff has brought three or more actions that have been dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  However, in light of the patently frivolous nature of this action, permitting plaintiff an opportunity to pay the filing fee is not warranted.

2

**IV.     Conclusion.**

Since plaintiff's complaint, as presented to this Court, is frivolous and fails to state a claim upon which relief may be granted, it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) (i) and (ii).

WHEREFORE, it is hereby

ORDERED that this action is dismissed as frivolous, and for failing to state a claim, pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and (ii), and it is further

ORDERED that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

ORDERED that the Clerk serve a copy of this Order on the plaintiff by regular mail.

**IT IS SO ORDERED.**

Date:  December 19, 2007

_____
Norman A. Mordue
Chief United States District Court Judge